James F. Sullivan (JS3099)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:   (212) 374-0009
F:   (212) 374-9931
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

ALLAN A. ANDERSON and AVA DAVIS
*on behalf of themselves and similarly situated employees,*

                                     Plaintiff,

-against-

BELLA BUS CORP.,
TOTAL TRANSPORTATION CORP.,
AGOSTINO VONA, JOHN CRONIN, and
JOSEPH SGRO,

                                     Defendants.

Case No. 1:18-cv-01552

**AMENDED COMPLAINT**

ECF Case,

_____

      Plaintiffs, ALLAN A. ANDERSON and AVA DAVIS, on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Law Offices of James F. Sullivan, P.C., hereby files this Amended Complaint against Defendants, BELLA BUS CORP., TOTAL TRANSPORTATION CORP., AGOSTINO VONA, JOHN CRONIN, and JOSEPH SGRO ("Individual Defendant", and collectively with the corporate Defendants, "the Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages for the pre-check of vehicles prior to the beginning of a shift; (2) unpaid wages for work performed past the designated shift time (3) unpaid overtime compensation; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from the Defendants: (1) unpaid wages for the pre-check of vehicles prior to the beginning of a shift; (2) unpaid wages for work performed past the designated shift time; (3) unpaid overtime compensation; (4) unpaid "spread-hour" wages; (5) statutory penalties; (6) liquidated damages; (7) prejudgment and post-judgment interest; and (8) attorneys' fees and costs.

3. Finally, Plaintiff, ALLAN A. ANDERSON, alleges that he is entitled to compensation for Defendants' improper, unauthorized, and intentional deduction of monies from his wages.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

6. Plaintiff, ALLAN ANDERSON, is an adult resident of Kings County, New York.

7. Plaintiff, AVA DAVIS, is an adult resident of Kings County, New York.

8. Upon information and belief, Defendant, BELLA BUS CORP. is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 400 Stanley Avenue, Brooklyn, New York 11207.

9. Upon information and belief, Defendant, TOTAL TRANSPORTATION CORP., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 400 Stanley Avenue, Brooklyn, New York 11207.

10. Upon information and belief, Defendant, BELLA BUS CORP., is a subsidiary and affiliate of TOTAL TRANSPORTATION CORP.

11. Upon information and belief, Defendant, AGOSTINO VONA, is an owner, officer, director and/or managing agent of Defendants BELLA BUS CORP. and TOTAL TRANSPORTATION CORP. ("corporate Defendants") with a business address of 400 Stanley Avenue, Brooklyn, New York 11207, and who participated in the day-to-day operations of corporate Defendants, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with corporate Defendants.

12. Upon information and belief, Defendant, JOHN CRONIN, is an owner, officer, director and/or managing agent of Defendants BELLA BUS CORP. and TOTAL TRANSPORTATION CORP. ("corporate Defendants") with a business address of 400 Stanley Avenue, Brooklyn, New York 11207, and who participated in the day-to-day operations of corporate Defendants, and

acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with corporate Defendants.

13. Upon information and belief, Defendant, JOSEPH SGRO, is an owner, officer, director and/or managing agent of Defendants BELLA BUS CORP. and TOTAL TRANSPORTATION CORP. ("corporate Defendants") with a business address of 400 Stanley Avenue, Brooklyn, New York 11207, and who participated in the day-to-day operations of corporate Defendants, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with corporate Defendants.

14. At all relevant times, corporate Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all relevant times, the work performed by Plaintiffs and similarly situated employees were and continue to be directly essential to the business operated by corporate Defendants.

16. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees lawfully earned wages and overtime compensation in contravention of the FLSA and NYLL.

17. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. In or about September 2016, Plaintiff, ALLAN ANDERSON, was hired by Defendants to work as a driver for Defendants' transportation company with a principal place of business located at 400 Stanley Avenue, Brooklyn, New York 11207.

4

19. Upon information and belief, Plaintiff, ALLAN ANDERSON, was employed by Defendants until he suffered an injury at work in or around May 2017.

20. Plaintiff, ALLAN ANDERSON, returned to work for Defendants in or around January 2018.

21. Plaintiff, ALLAN ANDERSON, was terminated by Defendants on or about May 2, 2018 via telephone call from Todd Roberts, a representative of Defendants.

22. Upon information and belief, during Plaintiff, ALLAN ANDERSON's, employment by Defendants, he worked approximately seventy (70) hours per week. Plaintiff generally worked five (5) days a week, and his work shift generally consisted of fourteen (14) hours each day, comprised of approximately a one (1) hour of pre-shift vehicle check including transportation of vehicle to the first location and thirteen (13) hours of driving and/or on-call.

23. On March 4, 2016, Plaintiff, AVA DAVIS, was hired by Defendants to work as a driver for Defendants' transportation company with a principal place of business located at 400 Stanley Avenue, Brooklyn, New York 11207.

24. Upon information and belief, during Plaintiff, AVA DAVIS's, employment by Defendants, she worked and continues to work approximately seventy-five (75) hours per week. Plaintiff, AVA DAVIS, generally worked five (5) days a week, and her work shift generally consisted of fourteen (14) hours each day, comprised of approximately a one (1) hour of pre-shift vehicle check including transportation of vehicle to the first location and thirteen (13) hours of driving and/or on-call.

25. During portions of her employment, Plaintiff, AVA DAVIS, worked approximately six (6) days a week and worked seventeen (16) hours a day totaling ninety six (96) hours a week.

26. At all relevant times, Plaintiffs and similarly situated employees did not drive their vehicles out of state nor transport passengers to or from travel locations such as airports or train stations providing interstate transport service.

27. At all relevant times, Plaintiffs and similarly situated employees were required to remain in or near their vehicles when on call and not driving.

28. Defendants did not utilize a time keeping device at the work place to track hours worked by Plaintiff.

29. Plaintiff, ALLAN ANDERSON, was a member of United Service Workers Union, Local 355 ("Union") from on or about August 2016 to on or about June 2017.

30. During the course of Plaintiff, ALLAN ANDERSON's employment by Defendants, Defendants regularly deducted union dues from Plaintiff, ALLAN ANDERSON's paycheck even though his membership with the Union was terminated on or about June 2017.

31. After Plaintiff, ALLAN ANDERSON's termination of membership from the Union, Defendants continued to deduct Union membership fees from his paycheck.

32. Defendant, AGOSTINO VONA, is an individual who, upon information and belief, owns the stock of corporate Defendants, owns corporate Defendants, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

33. Defendant, AGOSTINO VONA, exercised control over the terms and conditions of Plaintiff's employment, in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

34. Defendant, JOHN CRONIN, is an individual who, upon information and belief, owns the stock of corporate Defendants, owns corporate Defendants, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

35. Defendant, JOHN CRONIN, exercised control over the terms and conditions of Plaintiff's employment, in that he has and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

36. Defendant, JOSEPH SGRO, is an individual who, upon information and belief, owns the stock of corporate Defendants, owns corporate Defendants, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

37. Defendant, JOSEPH SGRO, exercised control over the terms and conditions of Plaintiff's employment, in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

38. Plaintiffs and similar situated employees were not properly compensated wages for either all hours worked, overtime wages, and "spread hour" wages.

39. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiffs and other similarly situated employees' wages for the hours actually worked, overtime wage, and spread hour wage, in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

40. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

41. Defendants did not provide Plaintiffs and all other similarly situated employees, with a wage statement or summary, accurately accounting for their actual hours worked, and setting forth their hourly rate of pay and overtime wages.

42. Upon information and belief, this was done in order to disguise the actual number of hours the employees worked, and to avoid paying them for their full hours worked.

43. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

44. Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

## COUNT 1

### [Violation of the Fair Labor Standards Act]

45. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "44" of this Complaint as if fully set forth herein.

46. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47. At all relevant times, Defendants employed Plaintiff and similarly situated employees within the meaning of the FLSA.

48. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

49. Plaintiffs and similarly situated employees are entitled to be paid for all hours worked and pay at the overtime rate for all hours worked over forty (40) in a work week as provided for in the FLSA.

50. Defendants failed and continue to fail to pay Plaintiffs and similarly situated employees compensation in the lawful amount for all hours worked and pay at the overtime rate for all hours worked over forty (40) in a work week as provided for in the FLSA.

51. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay Plaintiffs and similarly situated employees for all hours worked in a work week and refusing to pay Plaintiffs and similarly situated employees at the overtime rate for all hours worked over forty (40) in a work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

52. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiffs and similarly situated employees for all hours worked and compensate at the overtime rate for all hours worked over forty (40) in a work week, when they knew or should have known such was due and that non-payment of wages and non-payment of wages at the overtime rate for all hours worked over forty (40) in a work week would financially injure Plaintiff and similarly situated employees.

53. The Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

54. Records, if any, concerning the number of hours worked by Plaintiffs and similarly situated employees and the actual compensation paid to Plaintiffs and similarly situated employees are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

55. Defendants failed to properly disclose or apprise Plaintiffs and similarly situated employees of their rights under the FLSA.

56. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and similarly situated employees are entitled to liquidated damages pursuant to the FLSA.

57. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs and similarly situated employees suffered damages in an amount not presently ascertainable of unpaid minimum wage and overtime wages and, an equal amount as liquidated damages, and prejudgment interest thereon.

58. Plaintiffs and similarly situated employees are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### [Violation of the New York Labor Laws]

59. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "58" of this Complaint as if fully set forth herein.

60. The wage provisions of the NYLL apply to Defendants and protect the Plaintiffs and similarly situated employees.

61. Defendants, pursuant to their policies and practices, refused and failed to pay a wage to Plaintiff and similarly situated employees for all hours worked and refused and failed to compensate at the overtime rate for all hours worked over forty (40) in a work week

62. Further, Defendants, pursuant to their policies and practices, refused and failed to pay a wage to Plaintiff and similarly situated employees an additional hour of pay at the minimum wage for each day Plaintiffs and similarly situated employees worked a "spread of hours" in excess of ten (10) hours per day.

63. By failing to compensate Plaintiffs and similarly situated employees a wage for all hours worked, wages at the overtime rate, and an additional hour minimum wage for "spread-hours", Defendants violated Plaintiffs and similarly situated employees' statutory rights under the NYLL.

64. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

65. Therefore, Defendants knowingly and willfully violated Plaintiffs and similarly situated employees' rights by failing to pay Plaintiffs and similarly situated employees compensation for all hours worked in a work week, wages at the overtime rate, and "spread hour" pay.

66. Due to the Defendants' NYLL violations, Plaintiffs and similarly situated employees are entitled to recover from Defendants unpaid wages, unpaid wages at the overtime rate, "spread hour" pay, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198. Plaintiffs and similarly situated employees also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT 3

### [Violation of New York Labor Law]

67. Plaintiff re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "66" of this Complaint as if fully set forth herein.

68. NYLL § 190(1) defines wages as including benefits or wage supplements as defined in NYLL § 198(c).

69. NYLL § 193 prohibits an employer from making any deductions from an employees' wages unless they are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency or expressly authorized in writing by the employee and for the benefit of the employee.

70. After the termination of his membership from United Service Workers Union, Local 355, Defendants continued to deduct union dues and fees from Plaintiff, ALLAN ANDERSON's, paycheck without his expressed written consent or in accordance with the provisions of any law or any rule or regulation issued by any governmental agency.

71. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL.

72. Due to the Defendants' NYLL violations, Plaintiff, ALLAN ANDERSON, is entitled to recover from Defendants the amounts unlawfully deducted from his wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198. Plaintiff, ALLAN ANDERSON, also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT 4

### [Failure to provide a Wage Notice]

73. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "72" of this Complaint as if fully set forth herein.

74. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

75. Defendants have willfully failed to supply Plaintiffs and similarly situated employees with a wage notice, as required by NYLL, § 195(1) within ten (10) days of the start of their employment with Defendants.

76. Through their knowing or intentional failure to provide the Plaintiffs and similarly situated employees with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

77. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and similarly situated employees are entitled to statutory penalties of fifty ($50.00) dollars each work day that Defendants failed to provide Plaintiffs and similarly situated employees with wage notices and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 5

### [Failure to provide Wage Statements]

78. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "77" of this Complaint as if fully set forth herein.

79. Defendants have willfully failed to supply Plaintiffs and similarly situated employees with an accurate wage statement, as required by NYLL, § 195(3).

80. Specifically, Plaintiffs and similarly situated employees were regularly provided a wage statement that contained inaccurate hours worked and hourly rate.

13

81. Through their knowing or intentional failure to provide the Plaintiffs and similarly situated employees with an accurate wage statement as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

82. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and similarly situated employees are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendants failed to provide Plaintiffs and similarly situated employees with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## COUNT 6

### [Conversion]

83. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "82" of this Complaint as if fully set forth herein.

84. Defendant's intentional deduction from Plaintiff, ALLAN ANDERSON's, paycheck of wages an amount for union dudes which Plaintiff was not a member constitutes conversion as defined by New York State Law.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages and unpaid wages at the overtime rate due under the FLSA and NYLL;

(b) An award of liquidated damages as a result of Defendants' failure to pay wages and wages at the overtime rate pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages and unpaid wages at the overtime rate due under the NYLL;

(d) An award of unpaid "spread hour" pay due under the NYLL;

(e) An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages, pay wages at the overtime rate, pay "spread hour" wages, provide wage notices, and provide wage statements pursuant to the NYLL;

(f) An award of damages to compensate Plaintiff, ALLAN ANDERSON, for Defendant's conversion of Plaintiff, ALLAN ANDERSON's, wages;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(i) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
      May 16, 2018

Respectfully submitted

By: _____
James F. Sullivan
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:   (212) 374-0009
F:   (212) 374-9931
*Attorneys for Plaintiffs*
Jsullivan@jfslaw.net

15